■ JOHN GILLEN et al., Petitioners, v PUTNAM COUNTY DE-PARTMENT OF HEALTH et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Putnam County Department of Health, dated December 19, 1988, which, after a hearing, inter alia, denied the petitioners a temporary residence permit, and a determination of the Putnam County Department of Health dated December 28, 1988, which placed certain restrictions on a permit issued to the petitioner Nimby Food Services, Inc., to operate a food service establishment.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that (1) paragraphs (a), (b), (c), (d), (e), (g), (h), and (i) of provision 3, provision 6, that part of provision 7 which states: "In order to utilize the premises as a 'temporary residence' the premises shall be utilized 'primarily for overnight occupancy' ", and provision 8 of the determination dated December 19, 1988, are annulled, and (2) the "stipulations" contained in the determination dated December 28, 1988, are annulled; the determinations are otherwise confirmed and the proceeding is otherwise dismissed on the merits.

There was substantial evidence presented at the hearing that the petitioner Gillen, the owner of the Fox Ridge Motor Inn, a Putnam County motel utilized by the Westchester County Department of Social Services to temporarily house homeless persons, had violated certain requirements of the New York State Sanitary Code (10 NYCRR part 7) and the Building Code (9 NYCRR part 1241). Gillen was found, among other things, to be allowing the use of motel rooms for the preparation of food and the use of these rooms by up to four individuals as dwelling units for periods in excess of 180 days. Accordingly, there was a rational basis for the determination not to renew Gillen's temporary residence permit.

However, the conditions placed upon Gillen's right to reapply for this permit have the effect of impermissibly implementing a policy of precluding the temporary placement of the homeless in Putnam County. Moreover, these conditions lack a close nexus with the legitimate concerns of the Putnam County Department of Health, i.e., concern with the health and safety of the citizens (see, Seawall Assocs. v City of New York, 74 NY2d 92, 112). Likewise, the "stipulations" placed on the permit to operate a food service establishment issued to the petitioner Nimby's Food Services, Inc., has no basis in law or reason. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.