■ In the Matter of Fox Ridge Motor Inn, Inc., et al., Respondents, v Putnam County Department of Health, Appellant.—In a proceeding pursuant to CPLR article 78 to review determinations of the appellant dated June 26, 1990, imposing conditions on certain temporary residence permits, the appeal, as limited by the appellant's brief, is from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (West, J.), entered October 12, 1990, as granted the petition, in part, and annulled conditions (B) and (F) of the temporary residence permits issued to the petitioners, on the basis that those conditions are arbitrary and capricious.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

For several years, the Westchester County Department of Social Services (hereinafter WCDSS) has utilized four motels, all located in Putnam County, as temporary housing units for its homeless population. The motels are owned and operated by the petitioner John Gillen.

The instant proceeding is the second proceeding pursuant to CPLR article 78 between Gillen and the appellant Putnam County Department of Health (hereinafter PCDH). In the first proceeding, *Gillen v Putnam County Dept. of Health* (161 AD2d 619), this Court annulled, *inter alia,* provision 8 of the appellant's determination dated December 19, 1988, which set forth maximum density occupancy standards, i.e., square footage requirements per person per motel room, as a precondition to the issuance of temporary residence permits to Gillen for the continued operation of the motels to house the homeless. We found that the conditions placed upon Gillen's right to reapply for these permits, including provision 8, had the effect of "impermissibly implementing a policy of precluding the temporary placement of the homeless in Putnam County. Moreover, those conditions lack[ed] a close nexus with the legitimate concerns of the Putnam County Department of Health, i.e., concern with the health and safety of the citizens" *(Gillen v Putnam County Dept. of Health, supra,* at 620, citing *Seawall Assocs. v City of New York,* 74 NY2d 92, 112).

After the determination of this Court in *Gillen v Putnam*

*County Dept. of Health (supra),* the PCDH promulgated "new" occupancy standards, i.e., conditions (B) and (F), as a precondition to granting Gillen's reapplication for temporary residence permits, so that he might continue to operate the motels to house the homeless. Condition (B) set forth essentially the same square footage requirements as had former provision 8; the purpose of condition (F), which required the submission of floor plans for each motel unit, to demonstrate conformance with the square footage measurements, was merely to implement condition (B).

Condition (B) is merely masquerading as a "new" standard; in reality, there is nothing that materially distinguishes it from former provision 8. It is evident that the required close nexus between condition (B) and the legitimate health and safety concerns of the appellant is illusory, as was true in the case of provision 8. Furthermore, condition (B) achieves nothing more than continuing the unlawful preclusion of the temporary placement of the homeless in Putnam County *(see, Gillen v Putnam County Dept. of Health, supra).* Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.